IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUIS MIGUEL RIVERA** | : CIVIL ACTION |
| | : |
| v. | : NO. 23-653 |
| | : |
| **STEARNS LENDING, LLC, et al.** | : |

**MEMORANDUM**

**SCHMEHL, J.**   /s/ JLS                                                                                      October 20, 2023

Plaintiff brought this action *pro se* under the Truth in Lending Act ("TILA"), seeking to rescind a mortgage he held on a residential property located in Reading, Pa. Presently before the Court are the motions of Freedom Mortgage Corporation ("Freedom") to intervene and to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, both motions are granted.

"In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York,* 577 F.3d 521, 526 (3d Cir.2009) (internal quotation marks and citation omitted). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon

1

these documents." *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir.2010) (citation omitted).

Pursuant to a Deed dated June 5, 2019, title to the property known as 1925 Reading Avenue, Reading, Pa (the "Property") was vested in the name of Plaintiff Luis Rivera. On June 14, 2019, the Deed was recorded with the Berks County Recorder of Deeds as Instrument Number 2019018911. ECF 8-2, pp. 2-6. On June 7, 2019, Plaintiff executed a Purchase Money Mortgage (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as mortgagee, as nominee for Defendant Stearns Lending LLC ("Stearns"), its successors and assigns. ECF 16-1. On June 14, 2019, the Mortgage was recorded with the Berks County Recorder of Deeds as Instrument Number 2019018912. ECF 16-1. On February 3, 2020, MERS assigned the Mortgage to Freedom. ECF 8-2, pp. 20-22. On February 4, 2020, the assignment of the Mortgage was recorded with the Berks County Recorder of Deeds, as Instrument Number 2020004298. ECF 8-2, pp. 20-22.

On March 31, 2022, Freedom brought a mortgage foreclosure proceeding against Plaintiff in the Court of Common Pleas of Berks County based on the Plaintiff's default under the terms of the Mortgage. ECF 8-2, pp. 24-36. On April 22, 2022, Plaintiff drafted a Notice of Right of Recission to Stearns and to MERS. ECF 2-1, pp.10-12. However, the certified mail receipt Plaintiff attached as exhibit indicated that this Notice was not sent to Stearns or MERS until November 2, 2022. ECF 2-1, p. 13. Plaintiff does not allege whether he ever sent a Notice of Recission to Freedom and Freedom denied that it ever received such a Notice.

On May 20, 2022, judgment for failure to answer was entered in favor of Freedom and against Plaintiff in the amount of $188,039.87. ECF 8-2, pp. 38-42. On August 19, 2022, Plaintiff filed a motion to dismiss the foreclosure complaint. The Common Pleas Court denied the motion on October 21, 2022. ECF 8-2, p. 49. On November 3, 2022, the Common Pleas Court granted Freedom's motion to reassess damages and amended the previous judgment to a total of $198,076.78. ECF 8-2, p. 45.

On November 9, 2022, Plaintiff filed for bankruptcy protection under Chapter 13. As a result, the foreclosure proceedings were automatically stayed. On March 14, 2023, the United States Bankruptcy Court for the Eastern District of Pennsylvania granted Freedom relief from the automatic stay. ECF 8-2, p. 52. By Order dated September 28, 2023, the Bankruptcy Court dismissed Plaintiff's Chapter 13 case. ECF 16-4.

Freedom first seeks to intervene in this action a matter of right, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. That Rule provides:

> a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ. P. 24(a)(2).

Because Freedom has sought to intervene in a timely manner, Plaintiff will not suffer any prejudice if Freedom is permitted to intervene, and it is Freedom, as successor in interest to the original mortgagee, Defendant Stearns, that now has the only interest in this matter, Freedom's motion to intervene is granted.

Turning to Freedom's motion to dismiss, the Court notes that the TILA statute provides:

> **(a) Disclosure of obligor's right to rescind**
>
> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. §1635(a).

However, the right to rescind under the TILA does not apply to residential mortgage transactions. *Perkins v. Central Mortgage Corp.*, 422 F. Supp. 2d 487, 489 (E.D. Pa. 2006); 15 U.S.C. § 1635(e)(1); 12 C.F.R. § 226.23(f)(1) (exempting residential mortgage transactions from a TILA remedy). 15 U.S.C. §1602(x) defines a residential mortgage transaction as a "transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Under this definition, a

4

Purchase Money Mortgage like the one executed by Plaintiff clearly constitutes a residential mortgage transaction. This restriction applies even if any part of the loan proceeds will be used to finance the acquisition or initial construction of the consumer's principal dwelling. *Perkins*, 422 F. Supp. 2d at 490 (E.D. Pa. 2006), citing 12 C.F.R. pt. 226, Supp I, Subpart A, § 226.2(a)(24)–6.

Because the real estate transaction at issue in this case involved a residential mortgage transaction, the right to rescind under the TILA is not implicated, and the case must be dismissed.